No. 22,563.

J. H. DANA and W. E. ZIEGLER, *Appellees*, v. THE KANSAS NATURAL GAS COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

ATTORNEY'S SERVICES — *Findings* — *Judgment*. The record presenting a question of fact only, which was correctly determined by the trial court, it is held that the judgment must be affirmed.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed June 5, 1920. Affirmed.

*T. S. Salathiel*, of Independence, and *George T. McDermott*, of Topeka, for the appellant.

*Fred S. Jackson*, of Topeka, and *A. M. Etchen*, of Coffeyville, for the appellees.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment in favor of the plaintiffs for attorneys' fees.

The petition alleged that in 1902 the plaintiff, Ziegler, contracted with the Peoples Gas Company for a retainer of $100 a month, and $25 a day and actual expenses for the days employed out of his office, and in addition to be furnished free gas for heating and lighting his residence and office; that in 1905 he formed a partnership with the plaintiff, Dana, with which firm the contract was continued, except the per diem was increased to $50 instead of $25, and free gas for heating and lighting the residence of plaintiff Dana was added; that in August, 1905, the Peoples Gas Company sold to McDowell, who orally requested the plaintiffs to continue in their employment as formerly with the Peoples Gas Company and they were regularly paid therefor until December, 1908; that in January, 1908, it was agreed between the plaintiffs and John J. Jones, attorney for the defendant, the Kansas Natural Gas Company, that the employment should be continued as before without the $50 per diem, and such employment continued through 1909 and 1910, the defendant having in 1910 succeeded the Peoples Gas Company; and that during 1911, and up to December, 1912, the defendant by virtue of this agreement furnished gas to the plaintiffs, but failed to pay their monthly salary of $100, vouchers therefor being sent in and adjustment thereof being promised. Judgment was prayed for the unpaid balance of $1,200 with interest from January 1, 1912.

The defendant denied that the alleged services were rendered or had been accepted, and denied the authority of Jones to employ the plaintiffs as alleged, and averred that they had been notified in 1910 that no further payment would be made.

The court found in favor of the plaintiffs and rendered judgment for $1,710.

The defendant assigns as error the overruling of the demurrer to the plaintiffs' evidence, the denial of a new trial, and the rendering of judgment for plaintiffs.

The court did not err in overruling the demurrer to the plaintiffs' evidence, which fairly supported the allegations of their petition.

The motion for a new trial assigned as error the admission of objectionable testimony and the exclusion of admissible evidence.

As to the first, the trial was before the court without a jury, and if any improper evidence was received the presumption is that the chaff was sifted from the wheat by the trial court in reaching its conclusion. (*Wilson v. Colborn,* 106 Kan. 440, 188 Pac. 430.)

These matters, however, are not discussed in the defendant's brief, but the position is there taken that the defendant by purchasing the property of the Peoples Gas Company did not become obligated on its personal executory contract; that a contract for the continued services of the law firm was not assignable; and that the contract in this case terminated by the discontinuance of the employer's business.

We think, however, with counsel for the plaintiffs, as suggested in their brief, that the question is not one of law, but one of fact, as to whether or not the plaintiffs performed services for the Kansas Natural Gas Company which have not been paid for. All the conundrums propounded by the counsel for the defendant are merely academic in view of the testimony found in the record touching the performance and acceptance of legal services, which testimony justified the conclusion reached by the trial court. It appears that Mr. McDowell wrote to the auditor to notify the plaintiffs that their services were no longer desired, but neither the addressee nor Mr. Jones, to whom the letter was shown, informed the plaintiffs of its contents, and they continued to hold themselves in readiness to attend to business for the defendant and to refuse offers of business against it.

Of course, as it takes two to make a bargain it takes two to unmake one, and a mere undisclosed desire to sever the contract relations was not sufficient.

The judgment is affirmed.